```
 1                UNITED STATES DISTRICT COURT

 2                SOUTHERN DISTRICT OF CALIFORNIA

 3

 4  UNITED STATES OF AMERICA,    )  Case No.  08CR1193-DMS
                                 )
 5          Plaintiff,           )  San Diego, California
                                 )
 6  vs.                          )  Thursday,
                                 )  May 8, 2008
 7  RICARDO PALMER,              )  9:00 a.m.
                                 )
 8          Defendant.           )
    _____)
 9

10              TRANSCRIPT OF BOND HEARING
             BEFORE THE HONORABLE RUBEN B. BROOKS
11              UNITED STATES MAGISTRATE JUDGE

12  APPEARANCES:

13  For the Plaintiff:         CAROLINE PINEDA HAN, ESQ.
                               Assistant United States
14                              Attorney
                               880 Front Street
15                             San Diego, California  92101

16  For the Defendant:         FEDERAL DEFENDERS OF SAN DIEGO
                               BY:  MICHELLE BETANCOURT, ESQ.
17                             225 Broadway, Suite 900
                               San Diego, California  92101
18                             (619) 234-8467

19  Transcript Ordered by:     MICHELLE BETANCOURT, ESQ.

20  Transcriber:               Shonna D. Mowrer
                               Echo Reporting, Inc.
21                             6336 Greenwich Drive
                               Suite B
22                             San Diego, California  92122
                               (858) 453-7590
23

24
    Proceedings recorded by electronic sound recording;
25  transcript produced by transcription service.
```

*Echo Reporting, Inc.*

1

```
 1      SAN DIEGO, CALIFORNIA  THURSDAY, MAY 8, 2008  9:00 AM
 2                           --oOo--
 3        (Call to order of the Court.)
 4             THE CLERK:  Number 5, 08CR1193-DMS, Ricardo
 5  Palmer.
 6             MS. BETANCOURT:  Good morning, your Honor.
 7  Michelle Betancourt, Federal Defenders on behalf of Mr.
 8  Ricardo Palmer, who is present before the Court.
 9             MS. HAN:  Good morning, your Honor.  Caroline
10  Pineda Han on behalf of the United States.
11             THE COURT:  Good morning.
12             Before we get started, I have a question.
13             Mr. Palmer, you can have a seat.
14             Ms. Betancourt, Ms. Lee just indicated that you
15  have a couple of additional sureties, and my question is,
16  would those proposed sureties moot the need for this
17  hearing?
18             MS. BETANCOURT:  Maybe.  I would hope so.  But I
19  did present -- currently we have proposed Mr. Palmer's
20  mother, whose annual income is about $17,000, and his
21  brother, whose annual income is about $27,000.
22             As of this morning, I had paperwork filled out by
23  Robert Minton, who is about a 10-year family friend who
24  knows Mr. Ricardo Palmer.  He was here this morning, and
25  unfortunately, your Honor, he had come with Mr. Palmer's
```

2

1 brother Michael, but they both had to go to work, so they
2 are no longer here this morning.
3    Mr. Minton has a net worth of $46,130. His annual
4 income is about $23,000, and he has a 401-K in the amount of
5 $23,000. I don't have the paperwork to support the 401-K
6 here. He had just come to the office with his paycheck
7 stubs. I apologize. He came in this morning. I've been in
8 trial the past two days, so I wasn't able to get everything
9 together.
10    I did speak to him while they were outside, and
11 Mr. Minton has known, as I said, Mr. Palmer for about 10
12 years. He himself has been a San Diego resident for 12
13 years employed with the same company, Marriott, for 13
14 years, has been married for 10 years. He's a stable
15 resident in the community.
16    And I explained to him what it is -- what he was
17 signing, what the conditions were, what Mr. Palmer was
18 facing, what the charges were, and he was willing to sign
19 the bond packet.
20    With that, your Honor, I do think it moots it.
21 The only -- I think Ms. Han's objection was that Mr. Minton
22 is not a related family member. I do see that in the bail
23 conditions it wasn't crossed out. It's in parens. I think
24 oftentimes the Court will circle it if, in fact, he wants
25 specifically related adults. And I'm not sure what the

3

1 Court's intention was on the bail conditions.
2       THE COURT: Let me just look at them again. Are
3 they attached as an exhibit?
4       MS. BETANCOURT: I can hand it up. It's Exhibit A
5 on my -- but I can hand it up.
6       If it were the case that the Court was asking for
7 related, my only request to modify now would just simply be
8 to accept Mr. Robert Minton, who is not a related adult, but
9 is a 10-year family friend who is established in the San
10 Diego community, knows Mr. Palmer, knows that he would be
11 living -- where he would be living.
12       THE COURT: Actually, generally when I set bail
13 conditions, I say financially responsible adults. And if
14 we're talking about related, it's usually because the
15 proffer is making reference to a father, mother, sibling and
16 frequently specified. So looking at these conditions, I
17 doubt that I required a related adult.
18       MS. BETANCOURT: And my experience before your
19 Honor has been when it's a very young individual who -- the
20 Court wants them to live with a family member and that the
21 family member have I think a little more secure on the
22 person, but --
23       THE COURT: Ms. Han.
24       MS. HAN: Your Honor, that was one of my
25 objections, and I did misunderstand your order. In the past

4

1  I have seen it stricken out, so I did believe that you were
2  requiring that the sureties be related to the Defendant.
3          Moreover, your Honor, though, the outstanding
4  issue, our position would be, is that if Mr. Minton could
5  serve as a surety, could meet the $20,000 requirement.  It
6  would come with the proof of his 401-K, which again he does
7  not have.  Again, we were just presented with this
8  information a little while ago, and so we haven't had an
9  opportunity to run his criminal history summary.  So that
10 would be one person who potentially could be a surety to
11 which we could agree to or that we would approve.
12         The second surety, however, Mr. Palmer, he still
13 has the outstanding issue.  Our continuing objection is that
14 he has not showed that -- demonstrated that he has
15 sufficient unencumbered assets so that he could meet that
16 $20,000 requirement.  So the motion -- our response is still
17 before the Court on that issue.
18         THE COURT:  All right.  Well, let me go ahead and
19 address that, then, since apparently this is not moot.
20         I've read the papers submitted by both sides and
21 revisited the cases cited, particularly <u>Frazier</u>, I believe
22 it was, with the Federal Defenders, <u>Figueroa</u>.  And I'm
23 intimately acquainted with <u>Noriega</u> (phonetic).  I tend to
24 agree with the Federal Defenders that 3142(c)(1)(B) has the
25 permissive "may" in terms of the listing of conditions that

5

1 the Court may impose.  Subsection (xii) does talk about
2 having a net worth with sufficient unencumbered value to pay
3 the amount of the bail bond.
4      Subsection (xiv), however, states that another
5 option is to satisfy any other condition that is reasonably
6 necessary to assure the appearance of the person as
7 required.  And subsection 3142(c)(3) authorizes the Court to
8 amend and pose any additional or different conditions that
9 the Court feels is appropriate.
10      Looking at these provisions by themselves, I think
11 the Court would be authorized to impose or set a bond that
12 is signed by a financially responsible adult that may not
13 completely meet the net worth requirement if a Court were
14 limited to subsection (xii).
15      But that doesn't end the matter.  We have to turn
16 to Rule 46 of the Federal Rules of Criminal Procedure.  Rule
17 46(e) does say that the Court must not approve a bond unless
18 any surety appears to be qualified.  Every surety except a
19 legally approved corporate surety must demonstrate by
20 affidavit that its assets are adequate.
21      I've mentioned at I think our last hearing and in
22 other cases that I frequently look at future income as a
23 factor to consider in deciding whether the surety is
24 financially responsible.  I'm reminded that in <u>Noriega
25 Sarabia</u> (phonetic) on page 420, Judge Fernandez wrote,

6

1 quote:
2            "We do not say that looking to
3        possible future income complies with the
4        net worth requirement," end quote.
5        Referring to 3142(c).
6        But in an attempt to make these provisions
7 somewhat consistent, I think the Court can conclude that for
8 the purpose of Rule 46, assets are adequate, even though
9 they may not technically correspond to having a net worth
10 which shall have sufficient unencumbered value to pay the
11 amount of the bond.
12        And the Court finds that in the case of Mr.
13 Palmer's brother, the other proposed sureties, it will
14 consider his possible future income in addition to his
15 stated net worth in excess of the $20,000 bond, and that
16 that will comply with Rule 46(e).  And -- is it Robert
17 Palmer, the brother's name?
18        MS. BETANCOURT:  The brother is Michael Palmer.
19        THE COURT:  And that Michael Palmer would qualify
20 as a financially responsible adult.
21        So the motion to modify is denied because the
22 Court finds that Michael Palmer qualifies.  And it appears
23 that Mr. Minton will likewise qualify under the guidelines
24 that I've given in addition to the proffer made by Ms.
25 Betancourt.

*Echo Reporting, Inc.*

```
                                                              7
 1         MS. BETANCOURT:  Thank you, your Honor.  And I
 2  will get the proof of 401-K income to Ms. Han as soon as
 3  possible so that she can then run the checks on that.  Thank
 4  you very much.
 5         THE COURT:  You're welcome.
 6         THE CLERK:  Court is in recess.
 7      (Proceedings concluded.)
 8
 9
10
11         I certify that the foregoing is a correct
12  transcript from the electronic sound recording of the
13  proceedings in the above-entitled matter.
14
15  s/Shonna Mowrer                         6/16/08
    Transcriber                             Date
16
    FEDERALLY CERTIFIED TRANSCRIPT AUTHENTICATED BY:
17

18
    s/L.L. Francisco
19  L.L. Francisco, President
    Echo Reporting, Inc.
20
21
22
23
24
25
```